IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**DIONNE FRESCH,**

        **Plaintiff,**

vs.                                                            **NO.   CIV 01-1187 LCS/RLP**

**SANTA FE SOUTHERN RAILWAY, INC.,
MATTHEW WHIPPLE and TAYE BECICH,**

        **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants' Motion for Summary Judgment (Doc. 58), filed on June 13, 2003, Defendants' Renewed Motion to Dismiss or to Compel Discovery (Doc. 53), filed on May 14, 2003, and Defendants' Motion to Dismiss or to Compel Discovery (Doc. 43), filed on March 11, 2003. The United States Magistrate Judge, acting upon the consent of the parties and the designation of the United States District Judge pursuant 28 U.S.C. § 636, and having considered the submissions of counsel, relevant law, and being otherwise fully advised, finds that these Motions should be **DENIED.**

**I.**        **Background.**

The following statement of facts is set forth in the light most favorable to Plaintiff, with all reasonable inferences from the record drawn in her favor. *See Clanton v. Cooper*, 129 F.3d 1147, 1150 (10th Cir. 1997). On October 15, 1998, a Santa Fe Southern Railway train was operated by Defendant Matthew Whipple as the Engineer and Defendant Ray Becich as the Brakeman/Conductor. (Pretrial Order at 3; Def. Exs. C, C-1 D and D-1.) The train left Santa Fe at approximately 10:30 a.m. and traveled approximately eighteen miles to Lamy. On the return trip, the train left Lamy at

about 2:00 p.m., traveled along the same tracks and arrived in Santa Fe at about 3:30 p.m. (*Id.*) On the way back from Lamy to Santa Fe, Defendants operated the locomotive "long hood forward." (Pretrial Order at 3.)

Upon arrival at the depot in Santa Fe, Defendants Whipple and Becich first learned that the train had run over Plaintiff between the San Mateo and Alta Vista crossings. (Def. Exs. C, C-1 D and D-1.) The individual Defendants did not see Plaintiff, who was lying on the tracks. (*Id.*) As a result of the incident, Plaintiff's legs were amputated just below the knees.

Defendants were aware that the area where the accident occurred was frequented by homeless and intoxicated people. (Pl. Ex. A at 12.) Defendant Becich testified that there was a "hiking and biking trial" along the entire eighteen mile stretch between Santa Fe and Lamy, that there were "people all over the tracks" and that children often played on the tracks. (Pl. Ex. A at 12-13.)

On October 15, 2001, Plaintiff filed a civil diversity complaint alleging negligence. Defendants deny liability and argue that they are entitled to summary judgment.

**II.     Summary Judgment Standard.**

A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact.' " *Muñoz v. St. Mary Corwin Hosp.*, 221 F.3d 1160, 1164 (10th Cir. 2000) (quoting Rule 56(c)). When applying this standard, the court examines the record and makes all reasonable inferences in the light most favorable to the non-moving party. *Id*.

The movant bears the initial burden of establishing that no genuine issue exists as to any

material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (*quoting First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 289 (1968)).

The movant's initial burden may be discharged by showing there is an absence of evidence to support the non-moving party's case. *See Celotex v. Catrett*, 477 U.S. 317, 323 (1986). When the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying "a lack of evidence for the non movant on an essential element of the non movant's claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998). Once the movant meets its burden, the burden shifts to the non-moving party to demonstrate a genuine issue for trial on a material matter. *See McGarry v. Pitkin Co.*, 175 F.3d 1193, 1201 (10th Cir. 1999).

**III.    Analysis.**

**A.    Whether Defendants are Entitled to Summary Judgment.**

In New Mexico, a railroad has a duty to exercise reasonable care with respect to known or anticipated trespassers. *Ruiz v. Southern Pac. Transp. Co.*, 97 N.M. 194, 197, 638 P.2d 406, 410 (Ct. App. 1981); *James v. Atchison, Topeka & Santa Fe Ry. Co.*, 464 F.2d 173, 176-177 (10th Cir. 1972). Defendants were aware that the accident area was frequented by homeless and intoxicated people. (Pl. Ex. A at 12.) Defendant Becich testified that there was a "hiking and biking trial" along the tracks, that there were "people all over the tracks" and that children played on the tracks. (Pl. Ex. A at 12-13.) Plaintiff was run over by a train during daylight hours in a heavily populated area. Material issues of fact remain in dispute as to whether Defendants breached their duty to exercise

reasonable care with respect to Plaintiff. Defendants' Motion for Summary Judgment should be denied.

**B.     Whether Defendants' Motions to Dismiss should be granted.**

Defendants have filed two motions to dismiss on the grounds that Plaintiff failed to cooperate in discovery. I held a hearing on Defendants' first motion to dismiss on April 21, 2003. During the hearing, I directed counsel to cooperate and coordinated the scheduling of Plaintiff's deposition and independent psychological examination to coincide with the settlement conference that was scheduled before the Honorable Richard L. Puglisi, United States Magistrate Judge, on May 5, 2003. Despite my instructions, Plaintiff failed to appear for the deposition, examination or the settlement conference. Plaintiff's counsel has represented that Plaintiff failed to appear because she was arrested and detained in Toronto, Canada.

The record indicates that Plaintiff suffers from serious psychiatric problems. Plaintiff has been committed to a mental institution and arrested during the course of this litigation. Plaintiff is a resident of Peoria, Illinois, but the record indicates that she frequently travels about the country. During a status conference of July 16, 2003, I again directed counsel to work together to schedule Plaintiff's deposition and independent psychiatric examination. Counsel for Plaintiff stated that a guardian would be appointed for Plaintiff on July 21, 2003.

A second settlement conference has been set before the Honorable Robert H. Scott, United States Magistrate Judge on August 1, 2003, in Albuquerque, New Mexico. I have directed counsel to cooperate in scheduling depositions and an independent psychiatric examination of Plaintiff, in the event that the case does not settle. The jury trial is set for August 19, 2003 in Albuquerque will go forward as scheduled if the case does not settle on August 1, 2003.

Due to Plaintiff's apparent psychiatric problems and grievous physical injuries, I am hesitant to dismiss her complaint for failure to cooperate in discovery. However, further abuses will not be tolerated. Defendants have a right to prepare their case for trial. Before dismissing a complaint due to a plaintiff's failure to cooperate in discovery, a court must consider five factors: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). Plaintiff is hereby notified that dismissal is a likely sanction for any additional failure to appear at a settlement conference or failure to cooperate in discovery.

If Plaintiff, or her duly appointed representative with full settlement authority, fail to appear at the settlement conference of August 1, 2003, or if Plaintiff fails to cooperate in completing discovery before the August 19, 2003 jury trial, I will entertain another motion to dismiss from Defendants. Dismissal will be a likely sanction for any additional failure to appear at a settlement conference or failure to cooperate in discovery.

**WHEREFORE,**

**IT IS ORDERED** that Defendants' Motion for Summary Judgment (Doc. 58), filed on June 13, 2003, is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff, or her duly appointed representative with full settlement authority must appear at the settlement conference set before United States Magistrate Judge Robert H. Scott on August 1, 2003, at 9:00 a.m., at the United States Courthouse in Albuquerque, New Mexico.

5

**IT IS FURTHER ORDERED** that Plaintiff must fully cooperate with Defendants in completing discovery before the August 19, 2003 jury trial.

**IT IS FURTHER ORDERED** that Plaintiff is hereby notified that dismissal is likely sanction for any additional failure to appear at a settlement conference or failure to cooperate in discovery.

**IT IS FURTHER ORDERED** that Defendants' Renewed Motion to Dismiss or to Compel Discovery (Doc. 53), filed on May 14, 2003, is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss or to Compel Discovery (Doc. 43), filed on March 11, 2003, is **DENIED.**

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**
**BY CONSENT AND DESIGNATION**